IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAYVON R. FLEMMING,

                Plaintiff,

v.                                                                                                                  ORDER

MARIROSE HOWELL, WHITNEY COWELL, and LT.            23-cv-349-jdp
NERISON,

                Defendants.

---

Plaintiff Jayvon R. Flemming, proceeding without counsel, alleged that prison officials deprived him of medical care after he attempted suicide. Dkt. 1. The court allowed Flemming to proceed on Eighth Amendment medical care and physical restraint claims, and a Wisconsin law medical negligence claim. Dkt. 7. Flemming moves for the sanction of default judgment, contending that defendants: (1) failed to produce body-worn-camera footage relevant to his claims; and (2) provided inadequate responses to some of his requests for admissions. Dkt. 15. On the first point, Flemming has shown that defendants failed to preserve body-worn-camera footage of the events underlying his claims, but the current record is insufficient to show that this failure warrants sanctions. So, the court will deny Flemming's motion as to the first contention. But defendants have acknowledged that they failed to preserve the body-worn camera footage, which could potentially support sanctions. Therefore, the court will order defendants to provide more information about this failure. The court will also allow Flemming to renew his motion if defendants' supplemental information gives him a stronger basis for sanctions. On the second point, Flemming hasn't certified that he met and conferred on his requests for admission, and defendants report that they have since supplemented their response, so the court will deny his motion as to that contention.

The court begins with the body-worn-camera footage. Flemming notes that defendants wrote in incident reports that they retained both handheld and body-worn-camera footage of the incident. *Id.* at 3. Flemming attached these reports to his motion, and they generally support his contention. Dkt. 15-1 at 5 & 7. Flemming says that he asked prison officials to preserve the footage pre-suit, but it's unclear how he made this request. Dkt. 15 at 2, 4.[1]

Flemming then requested the videos in discovery, Dkt. 15-3, and defendants responded by producing 17 videos. Dkt. 16. The videos that were produced were created with handheld cameras, not body-worn cameras. *Id.* Defendants report that the body-worn camera footage wasn't retained "because it is institution best practice to retain handheld footage as it shows the complete incident as determined by security rather than body worn camera footage." *Id.* at 2. Defendants do not cite to any particular policy or provide any additional details of the referenced "best practice."

Flemming moved for sanctions under Rule 37. Dkt. 15. Under that rule, Flemming must show either (1) that defendants failed to take reasonable steps to preserve the body-worn-camera videos and that the failure prejudiced him, or (2) that defendants failed to preserve the videos with the intent to hide adverse information. *See* Fed. R. Civ. P. 37(e). Flemming hasn't made either showing.

First, Fleming has not shown that defendants acted unreasonably in failing to retain the videos or that he is prejudiced from their loss. Flemming doesn't dispute that defendants gave him 17 videos of the incident, or that these handheld camera videos show the complete

---

[1] Flemming cites to his original Inmate Complaint, but the court only has the first page of that document. Dkt. 15-1 at 1. It appears that there is a missing page—perhaps that is where Flemming made his preservation request.

incident. And Flemming hasn't explained how the deletion of body-worn-camera videos of the same incident has frustrated his ability to pursue his claims. Flemming contends, without explanation, that defendants' failure to preserve the body-worn-camera videos deprived him of "crucial material evidence needed to further his claims," Dkt. 15 at 6, but this is an undeveloped thought. To show prejudice, Flemming needs to specifically explain why the body-worn cameras would have captured material events or information that handheld camera videos failed to capture.

Second, Flemming hasn't contended, let alone shown, that defendants deleted the body-worn-camera videos with the intent to hide adverse information. Defendants stated that they deleted the body-worn-camera videos pursuant to a practice or policy, and they gave Flemming 17 videos of the same incident. These facts don't suggest that defendants deleted the body-worn-camera videos with the intent to hide adverse information. So, the court will deny Flemming's request for default judgment based on defendants' failure to preserve the body-worn-camera videos.

But the court has questions about the institution's preservation policy and how it was applied to the videos in question. The bottom line is that defendants have relied on an unspecified practice or policy to justify their failure to preserve evidence that could potentially support Flemming's claims. Therefore, the court will order defendants to file (1) a copy of all applicable preservation policies and (2) a sworn declaration from someone with personal knowledge of the policy and how it was applied in this case. The declarant must specifically explain how the policy was applied to the body-worn-camera videos at issue.

Once Flemming has had time to review these materials, he may renew his motion only if he believes that the supplemental materials give him a basis for sanctions. Flemming is

advised that, even if he can show that defendants failed to take reasonable steps to preserve the body-worn camera videos, and that this failure prejudiced him, Rule 37(e)(1) only allows sanctions "no greater than necessary to cure the prejudice." Judgment in Flemming's favor is an extreme sanction, so he should consider whether other relief is more appropriate, such as an adverse inference at summary judgment or an adverse jury instruction at trial.

That leaves Flemming's contention that defendants provided inadequate responses to some of his requests for admissions. The court won't consider this contention because Flemming has failed to certify that he attempted in good faith to confer with defendants about this issue. *See* Fed. R. Civ. P. 37(a). Also, defendants say that they provided amended responses addressing Flemming's concerns, and he hasn't disputed this statement.[2] Flemming's second contention doesn't warrant any other relief.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion for sanctions, Dkt. 15, is DENIED in part without prejudice but otherwise DENIED.

2. Defendants have until October 24, 2024 to file a copy of the policy referenced in their discovery responses and a sworn declaration in accordance with the instructions provided in this order.

Entered October 10, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

---

[2] The court invited Flemming to file a reply, but he did not.